```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 15-1626(DSD/JJK)
```

John Doe 107,

       Plaintiff,

v.                                               **ORDER**

Archdiocese of St. Paul
and Minneapolis and The
Diocese of New Ulm,

       Defendants.

    Patrick W. Noaker, Esq. and Noaker Law Firm LLC, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401, counsel for plaintiff.

    Jennifer R. Larimore, Esq., Thomas B. Wieser, Esq., John C. Gunderson, Esq. and Meier, Kennedy & Quinn, 445 Minnesota Street, Suite 2200, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion for remand by plaintiff John Doe 107. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This negligence action arises out of Doe's claim that he was sexually abused by a priest at St. John's Church in Hector, Minnesota between 1957 and 1960. Some of the alleged abuse occurred when St. John's was part of the defendant Archdiocese of St. Paul and Minneapolis, and the rest occurred after St. John's

became part of the newly formed defendant Diocese of New Ulm in 1958.

On November 12, 2013, Doe, now a resident of Colorado, filed a complaint against defendants in Ramsey County, alleging negligence, negligent supervision, and negligent retention. The state court issued several scheduling orders, and the parties engaged in some, but not much, discovery. Trial was scheduled to begin in January 2016. On January 16, 2015, the Archdiocese filed a voluntary petition for relief under Chapter 11 of the bankruptcy code. Shortly thereafter, the Archdiocese notified the state court that the claims against it are automatically stayed under 11 U.S.C. § 362(a). Doe plans to file a proof of claim against the Archdiocese in the bankruptcy case, but has not yet done so.

On March 27, 2015, the Diocese removed the case to this court under 28 U.S.C. §§ 1452(a), which allows for the removal of claims related to a bankruptcy case.[1] Plaintiff now moves to remand under 28 U.S.C. § 1334(c)(1).

**DISCUSSION**

Under § 1334(c)(1), a district court may abstain from hearing a matter related to a case brought under the bankruptcy code "in the interest of justice, or in the interest of comity with State

---

[1] Section 1452(a) references 28 U.S.C. § 1334, which gives federal courts original jurisdiction over proceedings related to cases brought under the bankruptcy code.

courts or respect for State law." See also 28 U.S.C. § 1452(b) (providing that the court may remand a case removed pursuant to § 1334 "on any equitable ground."). The parties agree that the court should be guided by the following twelve factors in determining whether abstention, and thus remand, is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

In re Strathmore Grp., LLC, 522 B.R. 447, 457 (Bankr. E.D.N.Y. 2014).

After carefully considering the relevant equitable factors, the court finds that abstention is warranted. First, state law issues plainly predominate over bankruptcy issues. Doe has only raised negligence claims, none of which implicate bankruptcy law or the ongoing bankruptcy proceeding. Second, the connection between this case and the bankruptcy proceeding is tenuous. Although Doe sued both the Archdiocese and the Diocese, there is no compelling

3

reason the case cannot proceed independently against the Diocese.[2] Third, there is no greater risk of an inconsistent judgment if this case proceeds in state court rather than this court. If Doe does file a proof of claim against the Archdiocese in the bankruptcy case, that claim would likely proceed in bankruptcy court rather than this court. Thus, Doe's claim will be heard by two separate courts in any event. The court does not share the Diocese's belief that there is a smaller likelihood of inconsistent judgments if both cases are in the federal system. The court is also not persuaded that any possible future claims by the Diocese against the Archdiocese for contribution or apportionment weigh in favor of keeping the case here. Finally, Doe's claim against the Diocese can proceed more expeditiously in state court. The most recent scheduling order issued by the state court set a trial date in January 2016, whereas this court has yet to set any deadlines or a trial date. The fact that the court could readily apply state law in this case and that diversity jurisdiction may also exist does not overcome the equitable considerations that overwhelmingly support remand.

---

[2] The parties have identified 1958 as the year the Diocese became potentially liable for the alleged conduct at issue. Whether the Archdiocese can be held liable for similar conduct during an earlier point in time is a separate question that need not be resolved in the instant suit.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1. The motion to remand [ECF No. 8] is granted; and

2. The case is remanded to Ramsey Court District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 25, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court